IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Robert A. Zdroik, | ) |
| | ) |
| Plaintiff | ) |
| | ) Case No. 18-cv-244 |
| v. | ) |
| | ) Honorable J P Stadtmueller |
| MARLA REIMANN, TINA HOSE, | ) |
| BONNIE CRABTREE, DR. DANIEL HEKMAN, | ) |
| SHAUNE HOBAN, DR. PRAPTI KUBER, | ) |
| DR. FARHAT KHAN AND DR. RICHARD FULLER, | ) |
| | ) |
| Defendants | ) |

## MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, TO SEVER AND TRANSFER TO THE WESTERN DISTRICT

NOW COME Defendants, TINA HOSE R.N., and CORRECTIONAL HEALTHCARE COMPANIES, LLC, by and through their attorneys, HEYL, ROYSTER, VOELKER & ALLEN, and for their Motion to Dismiss First Amended Complaint or, Alternatively, to Sever and Transfer to the Western District, filed pursuant to Federal Rule of Civil Procedure 12(b)(6) and 21, state:

### *Introduction*

1. On April 13, 2018, Plaintiff Robert Zdroik filed a First Amended Complaint alleging Section 1983 medical deliberate indifference and state law negligence theories of liability against four nurses, three doctors, two correctional medical vendors and Lincoln County concerning treatment he received at three different correctional facilities (Lincoln County Jail, Vilas County Jail and Dodge Correctional Institution). *See* Court Doc. No. 21.

2. Specifically, Plaintiff alleges that he was not sent to Aspirus Wausau Hospital for a transesophageal echocardiogram ("TEE") on June 30, 2017, and that he had a stroke on July 11,

2017, which would have been prevented if he underwent the TEE. *See* Court Doc. No. 21, para. 2, 24, 51, 54-55, 62.

3. Defendant Tina Hose, R.N., is employed by Defendant Correctional Healthcare Companies, LLC (hereinafter "CHC"), to provide nursing care at the Lincoln County Jail, which is located in the United States District Court for the Western District of Wisconsin. Mr. Zdroik was detained at the Lincoln County Jail from April 24, 2017 to June 14, 2017. Neither Nurse Hose nor CHC are alleged to have done anything in the Eastern District. *See* Court Doc. No. 21, paras. 9, 10, 19.

4. Medical deliberate indifference and state law negligence claims are asserted against Nurse Hose in Counts I and II, respectively. *See* Court Doc. No. 21, paras. 21, 26-28, 32 and pgs. 16-17. Plaintiff seeks to hold Correctional Healthcare Companies, LLC, vicariously liable for Nurse Hose's alleged negligence. *See* Court Doc. No. 21, Count III, pg. 18.

5. Plaintiff's claims against Nurse Hose and CHC should be dismissed because Plaintiff failed to allege facts sufficient to support a finding that Nurse Hose was personally involved in Plaintiff's care after he was transferred out of the Lincoln County Jail on June 14, 2017, that Nurse Hose owed Plaintiff a duty of care after he was transferred out of the Lincoln County Jail, or that Nurse Hose proximately caused Plaintiff's alleged injuries and damages. Alternatively, the claims against Nurse Hose and CHC should be severed and transferred to the Western District as they were improperly joined.

***Failure to State a Claim: No Personal Involvement – No Duty – No Proximate Cause***

6. Counts I and II asserted against Nurse Hose for medical deliberate indifference and professional negligence, and Count III asserted against CHC for vicarious liability, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff failed to state a

claim upon which relief may be granted: a nurse at the Lincoln County Jail should not, and cannot, be held liable for the alleged acts and omissions of subsequent providers at the Vilas County Jail and/or at the Dodge Correctional Institution.

7. The pleading standard Federal Rule of Civil Procedure 8 announces demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A pleading that offers "labels and conclusions" "will not do." *Id*. Instead, a complaint must set forth a claim that is "'plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949.

8. With respect to the Section 1983 medical deliberate indifference claim asserted in Count I against Nurse Hose, Plaintiff must allege facts sufficient to support a finding that Nurse Hose was personally involved in the alleged constitutional deprivation. *See Vance v. Peters*, 97 F.3d 987, 993 (7th Cir.1996) (Personal involvement is required for liability under Section 1983 as liability is predicated upon fault and, thus, liability does not attach unless the individual defendant caused a constitutional deprivation.); Seventh Circuit Pattern Civil Jury Instruction 7.02 (personal involvement); Seventh Circuit Pattern Civil Jury Instruction 7.17 (the defendant's conduct resulted in the plaintiff's injuries and damages).

9. Similarly, with respect to Plaintiff's state law medical negligence claim against Nurse Hose, Plaintiff must allege facts sufficient to support a finding that Nurse Hose owed Plaintiff a duty of care, and that Nurse Hose's conduct or omissions proximately caused Plaintiff's alleged injuries and damages. *See Shebelske v. Marathon Cnty. Adult Corr. Facility*, 2015 U.S. Dist. LEXIS 39150, *9, 2015 WL 1429194 (Exhibit A) (dismissing complaint alleging Section 1983 medical deliberate indifference and state law negligence because, while the plaintiff

alleged that his medical care at the jail was delayed, he did not allege facts showing that the defendants' conduct caused the delay in medical care or his injuries).

10. Both theories of liability require Plaintiff to plead sufficient facts to show that his injuries and damages were caused by Nurse Hose. Causation consists of two elements: 1) but-for causation, "i.e., the injury would not have occurred absent the conduct;" and, 2) proximate causation, "i.e., the injury is of a type that a reasonable person would see as a likely result of his or her conduct." *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 640 n.1 (7th Cir. 2008) (citing 1 Dan B. Dobbs, The Law of Torts § 182 (2001)). *Cf. Martinez v. California*, 444 U.S. 277, 285, 100 S. Ct. 553, 62 L. Ed. 2d 481 (1980) (injury that resulted from parolee's killing was "too remote" from state parole board's decision to release the parolee to hold the board liable for the death).The causal chain between an unlawful act and the injury complained-of may be broken by an intervening or superseding cause. *Shick v. Ill. Dep't of Human Servs.*, 307 F.3d 605, 615 (7th Cir. 2002) (citing See Restatement of Torts (Second) § 440 ("A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about.")).

11. Here, Plaintiff alleges that he was not sent to Aspirus Wausau Hospital for a transesophageal echocardiogram ("TEE") on June 30, 2017, and that he had a stroke on July 11, 2017, which would have been prevented if he underwent the TEE. *See* Court Doc. No. 21, para. 2, 24, 51, 54-55, 62. In so alleging, Plaintiff admits in his First Amended Complaint that the providers at the Lincoln County Jail –where Nurse Hose works- sent him off-site to see Joshua Luce, M.D., of Aspirus Wausau Hospital on June 6, 2017, and approved Dr. Luce's recommendation for the TEE. Plaintiff admits that the providers at the Lincoln County Jail scheduled him for the TEE on June 30, 2017, and that such was documented in his Lincoln

County Jail medical chart, and communicated to his subsequent providers at the Vilas County Jail on June 14, 2017, and to his subsequent providers at Dodge Correctional Institution on June 27, 2017. *See* Court Doc. No. 21, paras. 23-25, 33, 35, 43-46, 49.

12. Nurse Hose had no authority or control over the conduct of subsequent providers at Vilas County Jail or Dodge Correctional Institution. She discharged any duty of care concerning, and personal involvement with, Plaintiff once he was transferred out of the Lincoln County Jail on June 14, 2017, and the providers at Vilas County Jail and Dodge Correctional Institution were notified of the June 30, 2017 TEE appointment. The conduct of the subsequent providers in not sending Plaintiff to the June 30, 2017 TEE appointment is a superseding cause which prevents Nurse Hose and CHC from being liable for Plaintiff's stroke.

13. Nurse Hose similarly had no authority or control over Dr. Luce –the off-site cardiac specialist – making a recommendation that Plaintiff undergo the TEE on June 30, 2017, and no sooner. It is reasonable for a correctional nurse to defer to the judgment of an off-site cardiac specialist in terms of the timing of the TEE test that the specialist ordered.

14. Further, Plaintiff has not alleged with regard to his state law negligence claim that he submitted this matter to Mandatory Medical Mediation, which stays this lawsuit for 90 days. *See* Wis. Stat. 644.42 et seq.; *Novak v. Sawyer County*, 2003 U.S. Dist. LEXIS 28365 (W.D. Wis. 2003) (Exhibit A).

15. If the claims against Nurse Hose are dismissed, Count III against CHC should likewise be dismissed because Plaintiff exclusively seeks to hold CHC derivatively liable for Nurse Hose's conduct.

16. Consequently, for the aforementioned reasons, Counts I and II asserted against Nurse Hose, and Count III asserted against CHC, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

### *Lincoln County Jail Claims are Improperly Joined*

17. Alternatively, the claims against Nurse Hose and CHC should be severed and transferred to the Western District as they are improperly joined with the claims against providers at the Vilas County Jail and Dodge Correctional Institution.

18. In *George v. Smith*, the Seventh Circuit held that "[u]nrelated claims against different defendants belong in different suits." 507 F.3d 605, 607 (7th Cir. 2007).

19. Federal Rule of Civil Procedure 21 authorizes a Court to sever any misjoined party or claim at any stage of the lawsuit. Although Rule 21 does not set forth a standard for proper joinder, courts have applied the permissive joinder requirements of Rule 20(a).

20. Under Rule 20(a), parties are properly joined where they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences" and raise common questions of law and fact. Courts interpret "transaction or occurrence" as comprehending a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. Courts determine the logical relatedness of separate occurrences by considering a variety of factors, including whether the alleged conduct occurred during the same general time period and involved the same people and similar conduct. *See, e.g., Lozada v. City of Chicago*, 2010 U.S. Dist. LEXIS 89231 (N.D. Ill. Aug. 30, 2010) (Exhibit A) (severing plaintiffs' false arrest and malicious prosecution claims in a *Monell* case because each arrest was a distinct occurrence on a specific date, at a particular location and under unique circumstances despite the common pattern, policy and practice allegations); *Bailey*

*v. Northern Trust Co.*, 196 F.R.D. 513 (N.D. Ill. 2000) (severing plaintiffs' claims as they arose out of different transactions and occurrences, and the potential inconvenience and expense of separate trials did not outweigh the extreme prejudice to the defendant); *Malibu Media, LLC v. Doe*, 2013 U.S. Dist. LEXIS 139068 (N.D. Ill. Sept. 27, 2013) (Exhibit A) (severance was appropriate in internet copyright infringement cases because the copyright owner failed to offer any allegations from which the court could have found that defendants participated in the same swarm at roughly the same time in order to illegally download and exchange file blocks with one another); *Ramos v. Playtex Prods.*, 2008 U.S. Dist. LEXIS 75957 (N.D. Ill. Aug. 27, 2008) (Exhibit A) (claims against manufacturers for unfair and deceptive acts and practices, breach of implied warranty, negligence, and unjust enrichment were severed as the claims did not arise from a common transaction, occurrence, or series of transactions or occurrences; there was no indication that the defendants acted jointly).

21.     This case is like *Carthage v. Malcomson*, 2017 U.S. Dist. LEXIS 59039, *1-7, 2017 WL 1383731 (E.D. Wis. 2017) (J.P. Stadtmueller) (Exhibit A). In *Carthage*, the plaintiff was incarcerated at Dodge Correctional Institution. He alleged that defendants from the Brown County Jail (where he was transferred from) and Dodge Correctional Institution violated his rights by labeling him an escape risk, making it difficult for officials to transport him to dialysis treatment. This resulted in him being removed from the transplant waiting list. The Court allowed Plaintiff to proceed against the Brown County Jail defendants in one lawsuit, but Plaintiff was required to assert his claims against the Dodge Correctional Institution defendants in a separate lawsuit because the claims were improperly joined. In so ruling, this Court stated:

> The claims against Dodge officials share no operative facts or legal standards with the claims against the officers at Brown County Jail. Nor do they arise from the same "transaction" or "occurrence" as contemplated by the Rules. There must be some common thread tying all the asserted claims together, but here it is obvious that

Plaintiff's alleged mistreatment at Brown County Jail was perpetrated by different people, at different times, and in different ways from whatever occurred later during his incarceration at Dodge.

*Carthage*, 2017 U.S. Dist. LEXIS 59039, at *6.

22. Here too, Plaintiff's alleged mistreatment by Nurse Hose at the Lincoln County Jail was "perpetrated by different people, at different times, and in different ways from whatever occurred later during his incarceration at [Vilas County Jail] and Dodge." Allowing the claims to proceed in one lawsuit would be prejudicial to Nurse Hose and CHC insofar as the providers at the Lincoln County Jail scheduled the TEE test at issue, never canceled it, notified the subsequent providers of the appointment and had absolutely nothing to do with the Plaintiff not showing up for his scheduled appointment on June 30, 2017.

WHEREFORE, for the aforementioned reasons, Defendants, TINA HOSE, R.N., and CORRECTIONAL HEALTHCARE COMPANIES, LLC, respectfully request that this Court grant their Motion to Dismiss or, Alternatively, to Sever and Transfer to the Western District, and grant such other relief as this Court deems just and proper.

**DEFENDANT DEMANDS A TRIAL BY A JURY OF TWELVE.**

> TINA HOSE R.N., and CORRECTIONAL
> HEALTHCARE COMPANIES, LLC
>
> BY:    /s/Jana L. Brady
> HEYL, ROYSTER, VOELKER & ALLEN
> Jana L. Brady
> ARDC 6281390

HEYL, ROYSTER, VOELKER & ALLEN
120 West State Street
P.O. Box 1288
Rockford, Illinois 61105 1288
Telephone  815.963.4454
Facsimile  815.963.0399
Email: jbrady@heylroyster.com

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument, Motion to Dismiss or, Alternatively, to Sever and Transfer to the Western District, was served upon all attorneys to the above cause via the CM/ECF System on the 25th day of April, 2018.

TO:

| | |
|---|---|
| ***Attorney for Plaintiff*** | ***Attorneys for Marla Reimann, R.N. and Lincoln County*** |
| John H. Bradley | Samuel C Hall, Jr. |
| Strang Bradley, LLC | Sara C. Mills |
| 33 E. Main Street | Samuel M. Mitchell |
| Suite 400 | Crivello Carlson SC |
| Madison, WI 53703 | The Empire Building |
| john@strangBradley.com | 710 N Plankinton Ave - Ste 500 |
| | Milwaukee, WI 53203-2404 |
| | 414-271-7722 |
| | 414-271-4438 (Fax) |
| | SHall@CrivelloCarlson.com |
| | smills@crivellocarlson.com |
| | smitchell@crivellocarson.com |
| ***Attorneys for Bonnie Crabtree and Dr. Daniel Hekman*** | ***Attorneys for Dr. Richard Fuller, Shaune Hoban, and Dr. Prapti Kuber*** |
| Douglas S. Knott | Brad D. Schimel |
| Cory J. Brewer | Laure Rakvic-Farr |
| Leib Knott Gaynor LLC | Timothy M. Barber |
| 219 N. Milwaukee Street, Ste 710 | Wisconsin Department of Justice |
| Milwaukee, WI 53202 | P.O. Box 7857 |
| (414) 276-2102 | Madison, WI 53707 |
| (414) 276-2140 (Fax) | 608-266-0323 (Rakvic-Farr) |
| dknott@lkglaw.net | 608-266-7234 (Barber) |
| cbrewer@lkglaw.net | 608-267-8906 (Fax) |
| | Rakvic-farrlc@doj.state.wi.us |
| | barbertm@doj.state.wi.us |

_____Jana L. Brady_____