# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROBERT A. ZDROIK,<br><br>      Plaintiff,<br><br>v.<br><br>MARLA REIMANN, TINA HOSE, BONNIE CRABTREE, DR. DANIEL HEKMAN, SHAUNE HOBAN, DR. PRAPTI KUBER, DR. RICHARD FULLER, and LINCOLN COUNTY,<br><br>      Defendants. | Case No. 18-CV-244-JPS<br><br><br>**ORDER** |

  On June 11, 2018, Defendant Tina Hose ("Hose") filed a motion asking the Court to permit her counsel to have *ex parte* communications with Plaintiff's treatment providers. (Docket #59). She argues such communications are necessary to investigate Plaintiff's claim that his medical providers were deliberately indifferent to his serious medical need stemming from a stroke he suffered while in custody.

  Hose's motion indicates that Plaintiff objected to her counsel's *ex parte* communications with his treatment providers, apparently on the basis of physician-patient privilege. *Id.* at 1–2. However, Plaintiff has not responded to Hose's motion and the time for such a response has long since elapsed. And in any event, Federal Rule of Evidence 501 provides that in cases in federal court where federal law supplies the rule of decision, the question of privilege is a matter of federal common law, and federal

common law does not recognize a physician-patient privilege. *Patterson v. Caterpillar, Inc.*, 70 F.3d 503, 506 (7th Cir. 1995).

Accordingly,

**IT IS ORDERED** that Defendant Tina Hose's motion for an order permitting *ex parte* communications with Plaintiff's medical providers (Docket #59) be and the same is hereby **GRANTED.**

Dated at Milwaukee, Wisconsin, this 24th day of August, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge